# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KRYSTINA BERKO,

    Plaintiff,

    *v.*

WHIZ, L.L.C.,

    Defendant.

Case No. 26-cv-02018-AWM-RES

## MEMORANDUM AND ORDER

Plaintiff Krystina Berko filed this employment discrimination case against Defendant Whiz, L.L.C., on January 13, 2026. On April 6, 2026, Magistrate Judge Rachel E. Schwartz struck Defendant's purported Answer on the grounds that it was submitted *pro se*, and this Court's Local Rules do not permit corporations to appear *pro se*. *See* D. Kan. Rule 83.5.1(c).

Before striking Defendant's *pro se* pleading, Judge Schwartz directed Defendant to retain counsel and to file an answer to the Complaint on behalf of the incorporated Defendant. (Doc. 5.) That day came and went without an appearance by Defendant, and the Clerk entered default on April 7, 2026. Plaintiff now moves for default judgment. (Doc. 12.)

Before proceeding with a default judgment, this Court must consider whether it has jurisdiction, whether the facts establish a legitimate basis for the entry of judgment, and whether the amount of damages can be ascertained. *Regional District Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241 (D. Colo. 2015). Once default is established, Defendant has no further standing to contest the factual allegations of

1

Plaintiff's claim for relief. *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (citation omitted).

Importantly, a default judgment does not establish damages. *Id.* Plaintiff must establish that the amount requested is reasonable under the circumstances, and damages may only be awarded if the record adequately reflects the basis for the award at a hearing or through the submission of detailed affidavits establishing the necessary facts. *Id.*

Plaintiff has submitted no affidavits in support of her demand for compensatory damages, punitive damages, and attorney's fees, but she has requested a hearing. (Doc. 12.) The Court will therefore order a hearing before entering a default judgment. *See Hunt v. Inter-Globe Energy, Inc.*, 770 F. 2d 145, 148 (10th Cir. 1985). In determining the amount of damages, the Court will consider the allegations in the complaint, any relevant testimony and evidence, and awards in other cases in a similar posture. *See, e.g.*, *Bennett v. Luigi's Italian Rest.*, 2020 WL 1503472 (D. Kan. 2020); *Bradley v. Main Building Maintenance*, 2019 WL 13277899 (D. Kan. 2019); *Townley v. Servicemaster Co.*, 2017 WL 484396 (D. Kan. 2017).

The Court sets this matter for a hearing on August 18, 2026, at 9:00 a.m. in Topeka Courtroom 401. A final order on the motion for default judgment will be entered following the hearing.

The Clerk shall mail a copy of this Order to the Defendant. A failure to appear at the hearing or to take action to set aside entry of default will likely result in entry of default judgement and an assessment of damages against Defendant. Defendant is reminded that corporations may not appear without counsel.

**IT IS SO ORDERED.**

Dated this 8th day of July, 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge